## STATE OF FLORIDA v JAHN
### Case No. 89-055-AC
Eleventh Judicial Circuit, Dade County
January 8, 1990

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Jacqueline Valdes-pino,** Assistant Attorney General, for appellant.

**Benjamin S. Waxman,** for appellee.

Before NADLER, MORENO, MARGOLIUS, JJ.

### OPINION OF THE COURT

MORENO, J.

The defendant was charged by information with simple battery on July 15, 1988. The defendant was arraigned on August 12, 1988. On October 25, 1988 the case was dismissed for lack of prosecution.

On November 30, 1988 the information was refiled. The cause was

dismissed for lack of prosecution on December 7, 1988 but the Court denied the defendant's motion for discharge.

On December 14, 1988 the same charge was filed for the third time. At a hearing on January 24, 1989 the defendant's motion for discharge pursuant to Fla.R.Cr.P. 3.191(a)(1) was granted. From that order the State appeals.

The State argues that since the Court denied the motion for discharge, the trial could be scheduled within 90 days of such denial. The COurt need not reach that specific issue, since from this record, it is clear that the defendant was not brought to trial within 90 days of his original arrest. The violation of the defendant's speedy trial right pursuant to Rule 3.191(a) obviates the need to interpret 3.191(d)(3) which provides that *inter alia,*

"If the Court finds that discharge is not appropriate for reasons under (d)(3)(ii), (iii), or (iv), the pending motion for discharge shall be denied provided however trial shall be scheduled and commenced within 90 days of a written or recorded order of denial."[1]

We note however that to allow an incorrect denial of a motion for discharge to perpetuate indefinitely the speedy trial period every 90 days is contrary to the intent of the spirit and letter of the rule.[1]

AFFIRMED.

---

[1] The "window" provision of the rule having been recently extended to misdemeanors, renders an interpretation of section (d)(3) after a discharge denial unnecessary for future cases.